1  AMSL LEGAL GROUP, LLP
Chris C. Chapman (State Bar No. 234738)
2  Christopher R. Blevins (State Bar No. 270087)
Daniel A. Valenzuela (State Bar No. 283138)
3  400 Exchange, Suite 100
Irvine, California 92602
4  Telephone:   949-265-9940
Facsimile:   949-236-5567
5
6  Attorneys for Defendants,
RESIDENTIAL CREDIT SOLUTIONS, INC. and SAGE POINT LENDER SERVICES, LLC

7

8  **UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| 10  GARY TEDFORD AND VICTORIA TEDFORD,<br>11<br>12              PLAINTIFF,<br>13  vs.<br>14  RESIDENTIAL CREDIT SOLUTIONS, INC.;<br>15  SAGE POINT LENDER SERVICES, LLC;<br>and DOES 1-20, inclusive,<br>16              DEFENDANTS.<br>17<br>18<br>19 | Case No.: 2:14-cv-01715-MCE-CKD<br><br>Honorable Judge Morrison C. England, Jr.<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>**[FRCP, 12(b)(6)]**<br><br>[Request for Judicial Notice filed concurrently herewith]<br><br>**Hearing:**<br>Date:    September 18, 2014<br>Time:    2:00 p.m.<br>Ctrm.:   7 |

20

21      **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22      **PLEASE TAKE NOTICE** that on September 18, 2014, at 2:00 p.m., or as soon

23  thereafter as the matter may be heard, in Courtroom 7 of the above-entitled court, located at 501

24  I Street, Suite 4-200, Sacramento, California 95814, Defendants Residential Credit Solutions,

25  Inc. ("RCS") and Sage Point Lender Services, LLC ("Sage") will move to dismiss the

26  Complaint of Plaintiffs, Gary Tedford and Victoria Tedford ("Plaintiffs").

27  ///

28  ///

1        This Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) on that

2   grounds that the Complaint fails to state a claim upon which relief may be granted. This Motion

3   is also brought pursuant to Federal Rule of Civil Procedure 8(a) on the grounds that the

4   Complaint fails to contain a short and plain statement of the claim showing that the pleader is

5   entitled to relief. The Motion is based upon this Notice, the attached Memorandum of Points

6   and Authorities, the concurrent Request for Judicial Notice, any reply thereto, and upon all

7   papers and documents on file herein, the Court's files concerning this action, together with

8   those facts and documents of which the parties request judicial notice and/or matters which

9   judicial notice is property, as well as any oral argument that may be presented at the time of the

10  hearing.

11  Dated:  July 28, 2014                                AMSL LEGAL GROUP, LLP

12

13                                                       By: /s/ Christopher Blevins
                                                         Christopher Belvins, Esq.
14                                                       Attorneys for Defendants,
                                                         RESIDENTIAL CREDIT
15                                                       SOLUTIONS,INC. and SAGE POINT
                                                         LENDER SERVICES, LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   STATEMENT OF FACTS .................................................................................... 1

III.  ARGUMENT ....................................................................................................... 2

    A.    Plaintiffs' Entire Complaint Fails To State A Claim Against Defendant Sage. ............... 2

    B.    Plaintiffs' First, Second, Fifth, Sixth and Seventh Claim for Civil Code Violations Fail to State Viable Claim because they are Deficiently Pled. .............................................. 3

        1.    Section 2923.5 is not the correct "contact" statute. ..................................... 3

        2.    Plaintiffs failed to Allege 2923.5 is even applicable to Defendants ............................ 3

        3.    Plaintiffs admit contacts were made that satisfy 2923.5 or 2923.55. ......................... 4

        4.    Plaintiffs 2923.55 claim is deficiently pled. ................................................ 5

        5.    Plaintiffs failed to allege a violation of Civil Code section 2923.7 ............................ 5

        6.    Plaintiffs fails to allege a material violation of Civil Code section 2924.10. ............... 6

        7.    Plaintiffs claim for violation of Civil Code section 2924.11(f) is vague. ................... 6

        8.    Plaintiffs failed to allege any Prejudice due to the alleged Civil Code violations. ...... 7

    C.    Plaintiffs Have Failed To Sufficiently Allege Any Violation Of Section 2923.6 And Any Such Violation Is Premature ............................................................................... 8

    D.    Plaintiffs' Eighth Claim for Promissory Estoppel is Deficiently Pled. ........................... 10

    E.    Plaintiffs' Ninth Claim for Negligence Per Se Fails Because It Is Deficiently Pled. ........ 12

    F.    Plaintiffs Failed To Sufficiently Allege His Unfair Business Practices Claim With The Specificity Required By Law ................................................................................ 13

IV.  CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

## Cases

*Aceves v. U.S. Bank, N.A.*, 192 Cal.App.4th 218, 228 (2011) ...................................... 12

*Argueta v. J.P. Morgan Chase*  2011 WL 2619060 (E.D. Cal., 2011) ........................................ 15

*Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 213-214 (2006).......................................... 12

*Cadlo v. Owens-Illinois, Inc.*, 125 Cal.App.4th 513, 519 (2009) ........................................... 18

*Cal. Serv. Station & Auto Repair Ass'n v. Am. Home Assurance Co.*,

62 Cal.App. 4th 1166, 1178 (1998) ........................................................................... 14

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*,

20 Cal. 4th 163, 187 (1999) ...................................................................................... 16

*Coburn v. Bank of New York Mellon, N.A.*, 2011 WL 3500997(E.D.Cal.2011) .......................... 9

*Covenant Care, Inc. v. Superior Court,* 32 Cal.4th 771, 790 (2004).......................................... 3

*Davenport v. Litton Loan Servicing*  725 F.Supp.2d 862, 877(N.D. Cal. 2010) ........................... 5

*DeVoll v. Burdick Painting,* 35 F.3d 408, 412 n.4 (9th Cir. 1994).......................................... 12

*Dooms v. Federal Home Loan Mortg. Corp.* (E.D. Cal.2011) 2011 WL 1232989 ....................... 8

*Dooms v. Federal Home Loan Mortg. Corp.*, 2011 WL 1303272, *8-9 (E.D.Cal., 2011);.......... 15

*Garcia v. World Sav., FSB,* 183 Cal. App. 4th 1031, 1039 (2010) .......................................... 13

*Gomez v. Wachovia Mortg. Corp.*, 2010 WL 291817 (N.D.Cal., 2010) ....................................... 3

*Graybill v. Wells Fargo Bank, N.A.*, 953 F.Supp.2d 1091, 1105 (N.D.Cal., 2013).................... 13

*Hall v. Time, Inc.*, 158 Cal.App.4th 847, 849 (2008) ................................................................ 18

*Jent v. Northern Trust Corp.*) 2014 WL 172542 (E.D. Cal., 2014 .............................................. 10

*Karimi v. Wells Fargo*, U.S. Dist. LEXIS 47902, *7 (C.D.Cal.2011)........................................ 15

*Khoury v. Maly's of California, Inc.* 14 Cal.App.4th 612, 619 (1993) ....................................... 17

*Knapp v. Doherty* 123 Cal.App.4th 76, 94 (2004).................................................................... 8

*Laks v. Coast Fed. Sav. & Loan Assn.*, 60 Cal. App. 3d. 885, 890 (1976)................................ 12

*Lazar v. Superior Court*, 12 Cal.App.4th 631, 645 (1996)........................................................ 18

*Lopez v. Southern Cal. Rapid Trans. Dist.,* 40 Cal.3d 780, 795 (1985) ...................................... 3

*McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir., 2008)..................................... 17

*McKell v. Wash. Mut., Inc.,* 142 Cal.App.4th 1457 (2006) ..................................................... 17

*Newgent v. Wells Fargo Bank, N.A.,* 2010 WL 761236 at *7 (S.D.Cal., 2010) .......................... 13

*Nymark v. Heart Fed. Sav. & Loan Ass'n,* 231 Cal.App.3d 1089, 1095–96 (1991).................... 15

*Pantoja v. Countrywide Home Loans Inc.*, 640 F.Supp.2d 1177, 1186 (N.D.Cal., 2009)............. 8

*Puentes v. Wells Fargo Home Mortg., Inc.,* 160 Cal.App.4th 638, 643-644 (2008) .................... 17

*Raedeke v. Gibraltar Sav. & Loan Assn.,* 10 Cal.3d 665, 672 (1974) ........................................ 12

*Rockridge Trust v. Wells Fargo Bank, N.A.,* 2013 WL 5428722, *27 (N.D. Cal., 2013) ........ 8, 11

*Saunders v. Sup.Ct.,* 27 Cal.App.4th 832, 838 (1999) ................................................................ 16

*Shaterian v. Wells Fargo Bank,*  2011 WL 2314151 (N.D.Cal.2011) ......................................... 9

*Spencer v. DHI Mortg. Co., Ltd.,* 642 F.Supp.2d 1153, 1162 (E.D.Cal.2009)............................ 14

*Toscano v. Greene Music,* 124 Cal.App.4th 685, 692 (2004) ..................................................... 12

*US Ecology, Inc. v. State,* 129 Cal.App.4th 887, 901 (2005) ...................................................... 12

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1006 (9th Cir.2003) ........................................ 18


**Statutes**

Civ. Code § 2923.55(b)(1)(B).......................................................................................................... 5

Civ. Code § 2923.55(b)(2)................................................................................................................ 5

*C*al. Bus. & Prof. Code § 17204 ..................................................................................................... 15

Cal. Evid.Code § 669 ..................................................................................................................... 12

Civ. Code 2923.4 ........................................................................................................................... 10

Civ. Code § 2923.5(f) ...................................................................................................................... 3

Civ. Code § 2923.5(g) ..................................................................................................................... 4

Civ. Code § 2923.55(g) ................................................................................................................... 4

Civ. Code § 2923.55(h) ................................................................................................................... 3

Civ. Code § 2923.6(e) ..................................................................................................................... 9

Civ. Code § 2923.6(g) ............................................................................................................. 7, 8, 9

Civ. Code § 2923.6(i).............................................................................................9

Civ. Code § 2923.6(j).............................................................................................9

Civ. Code § 2923.7(a)............................................................................................5

Civ. Code § 2923.7(e)............................................................................................6

Civ. Code § 2924.10..............................................................................................6

Civ. Code § 2924.12(a)(1)......................................................................................6

Civ. Code § 2924.12(a)(2).......................................................................................6

Civ. Code § 2924.15..............................................................................................9

Civ. Code § 2924.18(b)........................................................................................4, 9

Civ. Code § 2923.5(a)(2)........................................................................................4

Civ. Code § § 2923.5........................................................................................i, 3, 4

Civ. Code § § 2924(a)(5).........................................................................................i

Civ. Code § § 2924.12(c)........................................................................................8

Civ. Code § § 2924.19............................................................................................i

Civ. Code § §2924.12(b)........................................................................................8

Civ. Code § 2924.11(f)...........................................................................................6

Fed. R. Civ. Proc., 12(b)(6)....................................................................................2

Fed. R. Civ. Proc., 9(b).........................................................................................15

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Gary Tedford and Victoria Tedford's ("Plaintiffs") Complaint is an attempt to further delay the valid foreclosure of the subject property, despite failing to make any payments on their loan since October, 2013. Plaintiffs' have admittedly applied for at least <u>four</u> loan modifications over the past two-years and have been repeatedly denied. Nonetheless, Plaintiffs complain that the current servicer defendant Residential Credit Solutions, Inc. ("RCS") failed to contact Plaintiffs regarding a foreclosure avoidance options or conduct the loan modification review in accordance with California law. Plaintiffs' contentions lack merit because Plaintiffs admit they were afforded multiple opportunities to avoid foreclosure and simply failed to qualify for any relief. As such, Plaintiffs did not, and cannot, allege facts to support a claim. Moreover, Plaintiffs' failed to allege <u>any</u> prejudice as a result of any of the alleged violations. Thus, the claims are not action able Plaintiffs' entire Complaint fails.

## II.   STATEMENT OF FACTS

On or about September 2, 2005, Plaintiffs obtained a $320,000.00 refinance loan (the "Loan"). (Request for Judicial Notice ("RJN"), **Exhibit 1**). The Loan was secured by a Deed of Trust on the real property located at 6905 Lyonia Way, Orangevale, CA 95662 (the "Property"). RJN, **Exhibit 1**; Complaint ("Cplt."), ¶¶1, 22). Beneficial interest under the Deed of Trust was assigned to Deutsche Bank National Trust Company, solely as Trustee for MortgageIT Trust 2005-5, Mortgage-Backed Notes, Series 2005-5 ("Deutsche Bank"), as evidenced by the Assignment of Deed of Trust recorded on March 14, 2013. (RJN, **Exhibit 2**).

In or about the middle of 2012, Plaintiffs fell behind on their Loan payments. (Cplt., ¶22). Plaintiffs allegedly applied for a loan modification from the prior servicer of the Loan, Ocwen Loan Servicing in 2012 but were not offered a permanent loan modification. (Cplt., ¶24). The Loan was allegedly service transferred to Defendant RCS in July, 2013. (Cplt., ¶25). RCS allegedly sent a letter to Plaintiffs offering them assistance in avoiding foreclosure. (Cplt., ¶26). In response to the letter, Plaintiffs allegedly submitted their <u>first</u> loan modification

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1

1  application to RCS on July 29, 2013. (Cplt., ¶¶27-28). At the request of RCS, Plaintiffs

2  allegedly submitted additional documentation pertaining to the pending loan modification

3  review. (Cplt., ¶29). On September 20, 2013, RCS allegedly denied Plaintiffs for a loan

4  modification. (Cplt., ¶31). Plaintiffs allegedly submitted a second loan modification application

5  to RCS in October, 2013, and re-submitted on November 27, 2013. (Cplt., ¶¶34-35). On January

6  6, 2014, RCS allegedly requested updated paystub from Plaintiffs. (Cplt., ¶37). Plaintiffs were

7  not offered a loan modification. (Cplt., ¶¶37-39). On February 11, 2014, Plaintiffs allegedly

8  submitted a third loan modification application to RCS. (Cplt., ¶39).

9         Plaintiffs failed to make any payments on their Loan since September 1, 2013. (RJN,

10  **Exhibit 4**). Sage Point Lender Services, LLC ("Sage") was duly substituted as successor trustee

11  under the DOT. (RJN, **Exhibit 3**).Due to Plaintiffs failure to make any payments in over six-

12  months, a Notice of Default was recorded on March 24, 2014. (RJN, **Exhibit 4**; Cplt., ¶42).

13                         **III.    ARGUMENT**

14  **A.    Plaintiffs' Entire Complaint Fails To State A Claim Against Defendant Sage.**

15         A court should dismiss a complaint when its allegations fail to state a claim upon which

16  relief can be granted. Fed. R. Civ. Proc. 12(b)(6).  Although a complaint need only include "a

17  short and plain statement of the claim showing that the pleader is entitled to relief," it must

18  allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

19  its face.'" Fed. R. Civ. Proc. 8(a)(2); *Ashcroft v. Iqbal*, 555 U.S. 1030, 1949 (2008) (quoting

20  *Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual

21  content allows the court to draw the reasonable inference that the defendant is liable for the

22  misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

23  Here, Plaintiffs failed to allege any claim against Defendant Sage. Plaintiffs only name Sage in

24  the third claim but fail to assert any allegations against Sage. (Cplt., ¶¶61-88). As demonstrated

25  by the allegations in the Complaint, the entire claim pertains to a loan modification review to

26  which Sage did not participate. Thus, the complaint is insufficient to place Sage on notice of the

27  claims charged against it. Accordingly, the entire Complaint fails as against Sage.

28

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

2

**B.** **Plaintiffs' First, Second, Fifth, Sixth and Seventh Claim for Civil Code Violations Fail to State Viable Claim because they are Deficiently Pled.**

In the Complaint, Plaintiffs contend that Defendant RCS violated the Civil Code by (1) purportedly failing to make contact with Plaintiffs to discuss foreclosure avoidance options or scheduling a meeting to within 14 days to discuss foreclosure avoidance options prior to recording the Notice of Default; (2) failing to send written pre-foreclosure notices and notice after the alleged loan modification application was received; (3) failing to establish a single point of contact; and (4) charging late fees during the loan modification review. (Cplt., ¶¶49-50, 54, 82, 93, 100, 114, 123). Plaintiffs have failed to allege any specific facts to support these statutory claims. *Gomez v. Wachovia Mortg. Corp.*, 2010 WL 291817 (N.D.Cal., 2010), *6 ("A cause of action based on a state statute must be pled with particularity"), citing to *Covenant Care, Inc. v. Superior Court,* 32 Cal.4th 771, 790 (2004) ; *Lopez v. Southern Cal. Rapid Trans. Dist.,* 40 Cal.3d 780, 795 (1985). Plaintiffs have failed to allege any specific facts of a violation of <u>any</u> statute and the few facts alleged actually contradict any such violation. Furthermore, Plaintiffs' contentions fail because Plaintiffs failed to allege <u>any</u> prejudice as a result of the alleged violations.

### 1. Section 2923.5 is not the correct "contact" statute.

Plaintiffs' 2923.5 claim is inapplicable because the declaration attached to the subject Notice of Default is under 2923.55, not 2923.5. (**Exhibit 4** to RJN.) Section 2923.55 was the applicable "contact" statute as of January 1, 2013 and the NOD was recorded after this date on March 24, 2014. (Cplt ¶42.) Notwithstanding, assuming the claim could be construed a claim under the operable 2923.55, the claim still fails.

### 2. Plaintiffs failed to Allege 2923.5 is even applicable to Defendants

Section 2923.55 and 2923.5 only apply to deeds of trusts described in section 2924.15 (owner-occupied and no more than four dwelling units). Civ. Code § 2923.5(f); Civ. Code § 2923.55(h). Plaintiffs have not alleged the property is owner-occupied and no more than four dwelling units and subject to either of these two statutes. In addition, 2923.5 only applies to mortgage servicers that have foreclosed on 175 or fewer residential real properties during the

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

3

1  preceding annual reporting period. Civ. Code § 2923.5(g); Civ. Code § 2924.18(b). Whereas,

2  2923.55 does not apply to mortgage servicers that have foreclosed on 175 or fewer residential

3  real properties during the preceding annual reporting period. Civ. Code § 2923.55(g); Civ. Code

4  § 2924.18(b). Plaintiffs have not alleged that these defendants have foreclosed on 175 or fewer

5  residential real properties during the preceding annual reporting period to invoke 2923.5 or,

6  conversely, 176 or more to invoke 2923.55 that would provide Plaintiffs protection under

7  2923.6. For this reason alone the first claim fails.

8         **3.**       **Plaintiffs admit contacts were made that satisfy 2923.5 or 2923.55.**

9         Section 2923.5 provides, among other requirements, that a Notice of Default may not be

10  recorded until thirty days after initial contact with a borrower is made either directly or through

11  due diligence regarding possible loss mitigation. Civ. Code §2923.5(a)(2). The statute further

12  provides that the mortgage servicer must advise the borrower that he or she has a right to an in

13  person meeting with 14 days of the initial contact. Id. The assessment of the borrower's

14  financial situation may occur during the initial contact or at the subsequent meeting. Id. Here,

15  Plaintiffs admit that <u>prior</u> to the recording of the Notice of Default, Plaintiffs submitted <u>three</u>

16  loan modification applications to RCS and one loan modification application to the prior

17  servicer, Ocwen Loan Servicing, LLC. (Cplt., ¶¶24-39). Plaintiffs also allege that they had

18  multiple conversations with RCS regarding the foreclosure avoidance options (Cplt., ¶¶26-27,

19  30-31, 35, 37, 39, 41, 45-46). Thus, Plaintiffs allegation that they were not contacted to discuss

20  alternatives to foreclosure prior to the recording of the Notice of Default is directly contradicted

21  by Plaintiffs allegations of loss mitigation assistance over the preceding two-year period. (Cplt.,

22  ¶¶24-46.)  Such admitted contacts constitute compliance with 2923.5. *Davenport v. Litton Loan*

23  *Servicing,* 725 F.Supp.2d 862, 877 (N.D. Cal., 2010) (loan servicer satisfied contact

24  requirements of 2923.5 [predecessor to 2923.55] where servicer had loan modification

25  discussions with the borrower and facts pled by Plaintiffs actually contradicted alleged violation

26  of 2923.5.)

27  ///

28

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

4

**4.     Plaintiffs 2923.55 claim is deficiently pled.**

Civil Code section 2923.55(b)(1)(B), provides that prior to recording the Notice of Default a mortgage servicer must send the borrower a written statement that the borrower may request a copy of the note, deed of trust, assignments, and payment history. Here, Plaintiffs contention is conclusory and merely recites the statutory requirements without alleging any facts to support the claim. (Cplt., ¶¶54, 57). Further, the allegation is ambiguous because it attacks the declaration attached to the Notice of Default which asserts compliance with Civil Code section 2923.55(b)(2) not section (b)(1)(B), which is the subject of this claim. (Cplt., ¶¶54-60). Thus, the claim fails.

**5.     Plaintiffs failed to allege a violation of Civil Code section 2923.7.**

Civil Code section 2923.7 provides that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact …" Civ. Code § 2923.7(a). Section 2923.7 defines "single point of contact" as an individual or team of personnel, each of whom has the ability and authority to perform the responsibilities stated in section 2923.7(b), which are: to communicate the process for available foreclosure prevention alternatives; to coordinate receipt of all documents necessary to apply for the alternatives; to have access to current information and inform the borrower of the current status; and to ensure that the borrower is considered for foreclosure prevention alternatives offered by the mortgage servicer. Civ. Code §§ 2923.7 (b), (e).

Here, Plaintiffs fail to allege any facts to support a violation of 2923.7. Plaintiffs' contention that communication with RCS was "extremely difficult" and not "meaningful" is irrelevant under the statute. (Cplt, ¶100, 104). Plaintiffs' concede they had multiple contacts with RCS. (Cplt ¶¶ 101-102.) Also, Plaintiffs do not explain the nature of the assistance requested and whether the request was proper for a single point of contact to address. Plaintiffs failed to allege what information was not provided or difficult to obtain. Moreover, in the Complaint Plaintiffs concede that RCS communicated to Plaintiffs the status of the loan modification application, the need for missing documents, and denials. (Cplt., ¶¶26-27, 30-31,

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

5

1   35, 37, 39, 41, 45-46). Finally, Plaintiffs contention that he spoke with 14 different

2   representatives at RCS is vague as to time and if anything shows compliance of 2923.7 with a

3   "team of personnel". (Cplt., ¶101 102 (sic)). The statute permits a group of individuals to serve

4   as the single-point of contact. Civ. Code § 2923.7(e). Moreover, as alleged by Plaintiffs, the

5   contacts were spread out over <u>three</u> loan modification reviews. Thus, the single point of contact

6   could be a number of individuals for each separate review. Accordingly, Plaintiffs fail to allege

7   a violation of the statute and this claim fails.

8       **6.      Plaintiffs fails to allege a material violation of Civil Code section 2924.10.**

9       Civil Code section 2924.10 provides that "[w]hen a borrower submits a complete first

10  lien modification application or any document in connection with a first lien modification

11  application, the mortgage servicer shall provide written acknowledgment of the receipt of the

12  documentation within five business days of receipt." Civ. Code § 2924.10. If Civil Code section

13  2924.10 has been violated, and the trustee's deed not recorded, a borrower may bring an action

14  for injunctive relief to enjoin a <u>material</u> violation of section 2924.10. Civ. Code § 2924.12(a)(1).

15  If injunctive relief is obtained, "[a]ny injunction shall remain in place and any trustee's sale

16  shall be enjoined until the court determines that the mortgage servicer … has corrected and

17  remedied the violation or violations giving rise to the action for injunctive relief."  Civ. Code §

18  2924.12(a)(2). Here, Plaintiffs admit that after submitting the loan modification applications,

19  they communicated with RCS, submitted additional documents that were requested, and are

20  currently under review for a loan modification. (Cplt, ¶¶24-46.) Accordingly, Plaintiffs cannot

21  allege a <u>material</u> violation of Section 2924.10. Even if written acknowledgment was not sent

22  (which RCS denies), Plaintiffs' were reviewed for multiple loan modifications and are allegedly

23  currently in the process of being reviewed. Thus, any potential violation is immaterial and

24  Plaintiffs' claim fails.

25      **7.      Plaintiffs claim for violation of Civil Code section 2924.11(f) is vague.**

26      Civil Code section 2924.11(f) provides that a mortgage servicer cannot collect late fees

27  while a loan modification application is under review. Here, Plaintiffs failed to allege any facts

28

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1    to support the claim. (Cplt ¶ 121-128.) Plaintiffs do not allege which of the many loan

2    modification applications this allegation applies to. This is important because RCS was not

3    required to repeatedly review Plaintiffs' loan modifications. Civ. Code § 2923.6(g). Instead,

4    Plaintiffs make the vague and conclusory allegation that the RCS continued to collect late fees

5    during the alleged loan modification review. (Cplt., ¶¶123, 127-128). These allegations are

6    insufficient to the support the claim.

7          **8.     Plaintiffs failed to allege any Prejudice due to the alleged Civil Code violations.**

8          California courts have readily rejected contentions of a defective foreclosure process

9    where no prejudice was suffered as the result of the procedural irregularity. *Pantoja v.*

10   *Countrywide Home Loans Inc.*, 640 F.Supp.2d 1177, 1186 (N.D. Cal. 2009), *citing Knapp v.*

11   *Doherty,* 123 Cal. App. 4th 76, 94 (2004)); *Lehner v. United States*, 685 F.2d 1187, 1190-1191

12   (9th Cir. 1982). It is now well established that a party challenging a foreclosure process must

13   demonstrate that a failure to comply with the procedural requirements governing the nonjudicial

14   foreclosure process caused him or her prejudice. *Fontenot v. Wells Fargo Bank, N.A.,* 198

15   Cal.App.4th 256, 272 (2011) (plaintiffs cannot allege prejudice when they concede default).

16   "Prejudice is not presumed from 'mere irregularities' in the process." *Id.* Similarly, a Plaintiff

17   must allege damages as result of statutory violations. *Rockridge Trust v. Wells Fargo Bank,*

18   *N.A.,* 2013 WL 5428722, *27 (N.D. Cal., 2013).

19         Here, Plaintiffs failed alleged that the Civil Code violations related to pre-foreclosure

20   contacts and notices, the loan modification review, and the late charges were prejudicial. In fact,

21   Plaintiffs' entire Complaint is devoid of any allegations asserting prejudice as a result of the

22   alleged violations. Furthermore, Plaintiffs cannot assert prejudice for failure to make pre-

23   foreclosure contact because Plaintiffs admittedly made multiple contacts RCS over the five-

24   months preceding the recording of the Notice of Default. *Dooms v. Federal Home Loan Mortg.*

25   *Corp.* 2011 WL 1232989, *17 (E.D. Cal.2011); *Coburn v. Bank of New York Mellon, N.A.* 2011

26   WL 3500997, * 2 (E.D.Cal.2011); *Shaterian v. Wells Fargo Bank,* 2011 WL 2314151, * 5

27   (N.D.Cal.2011). As such, Plaintiffs' claims fail.

28

---

**C.     Plaintiffs Have Failed To Sufficiently Allege Any Violation Of Section 2923.6 And Any Such Violation Is Premature**.

In the third and fourth claims, Plaintiffs contend that Defendants violated Civil Code section 2923.6 by purportedly recording a Notice of Default while Plaintiffs had a Loan modification application pending. (Cplt ¶¶82, 93). Plaintiffs' contentions fail to demonstrate any violation of section 2923.6 by Defendants.

Civil Code section 2923.6(b) provides, in pertinent part, that a mortgage servicer, mortgagee trustee, beneficiary, or authorized agent shall not record a notice of default or notice of trustee's sale while a borrower's complete first lien loan modification application is pending (i.e., "dual-tracking"). Civ. Code § 2923.6. The mortgage servicer may not "record a notice of default or notice of sale, or conduct a trustee's sale" until any of the following (1) the mortgage servicer makes a written determination that the borrower is not eligible and the appeal period has expired, (2) the borrower does not accept the first lien loan modification within 14 days of the offer, or (3) the borrower accepts the loan modification offer but defaults or breaches. Civ. Code § 2923.6(c)(1)-(3).

In enacting section 2923.6, the legislature recognized the exceptional risk of borrowers submitting multiple loan modification applications solely for the purpose of delaying a rightful foreclosure sale. Accordingly, section 2923.6 specifically states that a mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, unless the borrower documents a material change in financial circumstance.  Civ. Code § 2923.6(g). A mortgage servicer is only liable for a violation of 2923.6 if the defect is not cured before the recording of the Trustee's Deed Upon Sale. Civ. Code § 2924.12(b). The statute provides a "safe harbor," precluding liability "for any violation ... corrected and remedied prior to the recordation of a trustee's deed upon sale." *Id.*; Civ. Code § 2924.12(c); see also, *Jent v. Northern Trust Corp.* 2014 WL 172542, at *5 (E.D. Cal., 2014) (finding that remedies under Civil Code section 2924.12 are unavailable until such time as a trustee's deed upon sale has been recorded).

---
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

8

1       First, Plaintiffs failed to allege that 2923.6 is even applicable to these Defendants.

2   Section 2923.6 only applies to deeds of trusts described in section 2924.15 (owner-occupied and

3   no more than four dwelling units). Civ. Code § 2923.6(j); Civ. Code § 2924.15. Plaintiffs have

4   not alleged the property is owner-occupied and nor more than four dwelling units. Subdivisions

5   (c) and (h) [i.e. dual tracking] of section 2923.6 also only applies to mortgage servicers that

6   have foreclosed on 176 or more residential real properties during the preceding annual reporting

7   period. Civ. Code § 2923.6(i); Civ. Code § 2924.18(b). Plaintiffs have not alleged that these

8   defendants have foreclosed on 176 or more residential real properties during the preceding

9   annual reporting period that would provide Plaintiffs protection under 2923.6. For these two

10  reasons alone, Plaintiffs' claims for a violation of 2923.6 fail as pled.

11      Second, Plaintiffs admit they previously sought a loan modification without any success

12  from July, 2012 to March, 2014. (Cplt ¶¶ 24-40.) Plaintiffs' allege the recording of the Notice of

13  Default was dual tracking based on the allegedly complete February, 2014 loan modification

14  application. (Cplt ¶82). Plaintiffs do not allege that RCS was required to review the new

15  application because Plaintiffs do not allege that Plaintiffs documented a material change in

16  Plaintiffs' financial circumstances since the previous review. Civ. Code § 2923.6(g). Civil Code

17  provides that Plaintiffs cannot use loan modification applications to delay a foreclosure on the

18  Property by repeatedly submitting applications. Civ. Code § 2923.6(g). Thus, RCS is under no

19  obligation to review the new application and delay the foreclosure. Further, Plaintiffs admit they

20  were denied a loan modification on three prior occasions. (Cplt ¶¶ 31, 38-40.) Thus, the statute

21  permits the recording of a Notice of Default after a loan modification application is denied and

22  the appeal period has run. Civ. Code § 2923.6(e). Moreover, the foreclosure sale has yet occur

23  (or be noticed), thus, any alleged violation of 2923.6 can be remedied prior to the sale. Thus,

24  Plaintiffs' claim also fails as premature.

25      Finally, the purpose of 2923.6 and the Homeowner Bill of Rights enacted by the

26  California legislature is to "borrowers are considered for, and have a meaningful opportunity to

27  obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage

28

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

9

1   servicer." Civ. Code § 2923.4. Plaintiffs admit that they were afforded that opportunity. As

2   such, Plaintiffs have not suffered any prejudice by any potential technical violation of 2923.6

3   and failed to allege any facts to the contrary. *Rockridge Trust, supra,* 2013 WL 5428722, *27

4   (N.D. Cal., 2013). For these reasons, the 2923.6 claims fail.

5   **D.      Plaintiffs' Eighth Claim for Promissory Estoppel is Deficiently Pled.**

6        Plaintiffs contend that RCS promised that the foreclosure would not proceed while the

7   loan modification application was under review. (Cplt., ¶131). Plaintiffs claim fails because

8   Plaintiffs failed to allege the elements of the claim.

9        Promissory estoppel is "a doctrine which employs equitable principles to satisfy the

10  requirement that consideration must be given in exchange for the promise sought to be

11  enforced." *Raedeke v. Gibraltar Sav. & Loan Assn.,* 10 Cal.3d 665, 672 (1974) . "[P]romissory

12  estoppel claims are aimed solely at allowing recovery in equity where a contractual claim fails

13  for a lack of consideration, and in all other respects the claim is akin to one for breach of

14  contract…" *US Ecology, Inc. v. State,* 129 Cal.App.4th 887, 904 (2005). The required elements

15  for promissory estoppel are "(1) a promise clear and unambiguous in its terms; (2) reliance by

16  the party to whom the promise is made; (3) [his/her] reliance must be both reasonable and

17  foreseeable; and (4) the party asserting the estoppel must be injured by [his/her] reliance." *Laks

18  v. Coast Fed. Sav. & Loan Assn.*, 60 Cal. App. 3d. 885, 891 (1976) ; *Toscano v. Greene Music*

19  124 Cal.App.4th 685, 692 (2004). The Plaintiffs must show that injustice can be avoided only

20  by enforcement of the promise. *DeVoll v. Burdick Painting,*  35 F.3d 408, 412 n.4 (9th Cir.

21  1994); *Raedeke v. Gibraltar Sav. & Loan Ass'n* 10 Cal.3d 665, 672 n.1 (1974). In addition,

22  "[t]he party claiming estoppel must specifically plead all facts relied on to establish its

23  elements. [Citations omitted]." *Smith v. City and County of San Francisco,* 225 Cal.App.3d 38,

24  48 (1990). "A mere hopeful expectation cannot be equated with the necessary justifiable

25  reliance." *Aceves v. U.S. Bank, N.A.,* 192 Cal.App.4th 218, 228 (2011) (citations and quotations

26  omitted).

27

28

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

10

First, a gratuitous oral promise to postpone a foreclosure sale is unenforceable. *Garcia v. World Sav., FSB,* 183 Cal. App. 4th 1031, 1039 (2010). Here, Plaintiffs failed to allege they offered anything as consideration for the alleged promise to postpone the recording of the Notice of Default. (Cplt ¶131). As such, the alleged promise was gratuitous and unenforceable. For this reason alone, the promissory estoppel claim fails.

Second, Plaintiffs failed to allege reasonable reliance. Plaintiffs' contention that they relied on the representations by "foregoing other avenues of relief," fails to allege reasonable reliance. (Cplt., ¶138). As in the case of *Eghtesadi v. Wells Fargo Bank, N.A.*, 2013 WL 1498999 (S.D. Cal., 2013). ["Plaintiff's allegations do not demonstrate that it was reasonable for her to forgo other options to avoid foreclosure based merely on a promise to review her loan modification request."]   Plaintiffs' decision to forego other options concerning the Loan is nothing more than a "hopeful expectation" upon which no reasonable person would rely. In addition, there is no detrimental reliance alleged by Plaintiffs to support promissory estoppel because there was no "meaningful forbearance in reliance on the alleged promise." *Mehta*, 737 F.Supp.2d at 1199; see also *Graybill v. Wells Fargo Bank, N.A.* 953 F.Supp.2d 1091, 1105 (N.D.Cal.2013) (promissory estoppel claim dismissed because complaint lacks connection between Plaintiff's reliance on the alleged promise and losing her home because she does not allege facts that could establish she would have been successful in delaying foreclosure sale, renegotiating her loan, and retaining possession of her home), citing to *Newgent v. Wells Fargo Bank, N.A.* 2010 WL 761236 at *7 (S.D.Cal., 2010). Here, Plaintiffs simply did what they needed to do to apply for a loan modification, nothing more. Such actions do not constitute detrimental reliance. Plaintiffs also failed to allege that any other "avenues for relief" would have delayed the recording of the Notice of Default.

Finally, Plaintiffs failed to allege any actual damages resulting from the alleged breached promise. Instead, Plaintiffs contend that they suffered "loss time, costs of retaining counsel, and costs of submitting multiple and identical documents, and mental distress." (Cplt., ¶138). Plaintiffs' allegations are devoid of any factual support. Further, Plaintiffs failed to allege

1  how any of the alleged injuries are the result of Defendants recording the Notice of Default and

2  not Plaintiffs' failure to pay for their loan and failed efforts to qualify for a loan modification on

3  multiple occasions. Accordingly, Plaintiffs' claim fails as deficiently pled.

4  **E.**   **Plaintiffs' Ninth Claim for Negligence Per Se Fails Because It Is Deficiently Pled.**

5        Plaintiffs contend that the alleged statutory violations constitute negligence per se.

6  (Cplt., ¶141). Negligence per se is an evidentiary presumption that a party failed to exercise due

7  care if: (1) it violated a statute, ordinance, or regulation of a public entity; (2) the violation

8  proximately caused death or injury to a person or property; (3) the death or injury resulted from

9  an occurrence of the nature the statute, ordinance, or regulation was designed to prevent; and (4)

10  the person suffering the death or the injury to his or her person or property was one of the class

11  of persons for whose protection the statute, ordinance, or regulation was adopted. Cal.

12  Evid.Code § 669. This doctrine <u>does not</u> establish a cause of action distinct from negligence;

13  instead, "an underlying claim of ordinary negligence must be viable before the presumption of

14  negligence of Evidence Code section 669 can be employed." *Spencer v. DHI Mortg. Co., Ltd.,*

15  642 F.Supp.2d 1153, 1162 (E.D.Cal.2009) (citing *Cal. Serv. Station & Auto Repair Ass'n v. Am.*

16  *Home Assurance Co.,* 62 Cal.App. 4th 1166, 1178 (1998)). Here, Plaintiffs' claim fails because

17  Plaintiffs did not, and cannot, allege a duty of care owed them by Defendants. Thus, Plaintiffs'

18  negligence per se claim based upon Civil Code violations fail.

19        Here, Plaintiffs have not alleged a duty of care owed by Defendants to Plaintiffs. As a

20  general rule, under California law, "a financial institution owes no duty of care to a borrower

21  when the institution's involvement in the loan transaction does not exceed the scope of its

22  conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n,* 231

23  Cal.App.3d 1089, 1095–96 (1991) (citations omitted). An exception to this rule arises "when

24  the lender 'actively participates in the financed enterprise beyond the domain of the usual

25  money lender.'" *Sipe v. Countrywide Bank,* 690 F.Supp.2d 1141, 1153 (E.D.Cal., 2010)

26  (quoting *Wagner v. Benson*, 101 Cal.App.3d 27, 35 (1980) (internal quotation marks omitted).

27  The relationship between the parties to a mortgage loan transaction does not cease to exist at the

28

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

12

time of consummation of the loan, but continues throughout the life of the loan, encompassing all actions concerning the servicing of the loan, including and any and all negotiations concerning modification of its terms and foreclosure on the collateral. (See, *Karimi v. Wells Fargo,* 2011 WL 10653746 (C.D. Cal., 2011) (modification is an activity that is "intimately tied to Defendant's lending role."). Therefore, while the parties may engage in the process of negotiating for a loan modification, the servicer and the beneficiary are still pursuing their own economic interests in lending money and, therefore, owe no legal duty to the borrower. See, e.g., *Dooms v. Federal Home Loan Mortg. Corp.,* 2011 WL 1303272 (E.D. Cal., 2011); *Argueta v. J.P. Morgan Chase,* 2011 WL 2619060 (E.D. Cal., 2011). "Numerous cases have characterized a loan modification as a traditional money lending activity" and concluded that a financial institution owes no duty of care to a borrower in the loan modification process. *Settle v. World Sav. Bank, F.S.B.,* 2012 WL 1026103, at *8 (C.D.Cal., 2012) (dismissing negligent misrepresentation claim where plaintiff failed to plead any facts indicating that "defendant went beyond the typical role of a money lender"); see also *Armstrong v. Chevy Chase Bank, FSB,* 2012 WL 4747165, *4–5 (N.D.Cal., 2012) (dismissing negligence claim based upon loan modification process where plaintiff had not alleged plausible theory of negligence; noting that renegotiation "is one of the key functions of a money lender"); *Morgan v. U.S. Bank Nat'l Ass'n,* 2013 WL 684932, at *3 (N.D.Cal., 2013) (same).

Therefore, as a matter of law, Defendants do not owe Plaintiffs any duty of care and Plaintiffs failed to allege any facts to the contrary. This claim fails accordingly.

**F.   Plaintiffs Failed To Sufficiently Allege His Unfair Business Practices Claim With The Specificity Required By Law**

Plaintiffs' claim for violation of California Business and Professions Code section 17200 ("UCL") for unfair business practices fails because it lacks particularity and Plaintiffs have no standing. The UCL prohibits any unlawful, unfair or fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising. "Unlawful" practices are "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838 (1999). "Unfair" practices

constitute "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). When determining "whether the challenged conduct is unfair within the meaning of the unfair competition law…, courts may not apply purely subjective notions of fairness." *Id.* at 184. The "fraudulent" prong under the UCL requires a showing of actual or potential deception to some members of the public, or harm to the public interest. *Id.* at 180; *see also*, *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457 (2006). *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 643-644 (2008). "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993).

Here, Plaintiffs have not alleged any facts to demonstrate any conduct by RCS, that could be classified as an unlawful, fraudulent, or unfair business act or practice. Plaintiffs did not allege any conduct by RCS that could constitute a violation of an antitrust law, or violate the policy or spirit of such law. Further, Plaintiffs did not allege any conduct by RCS that could be found to significantly threaten or harm competition. For these reasons alone, Plaintiffs' claim fails.

Furthermore, as detailed herein, the Complaint fails to state sufficient facts to support any claim of a violation of any other law. To the extent Plaintiffs assert a UCL claim based on the unfair prong, Plaintiffs have failed to allege any business practice by RCS that "offends an established public policy or is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (2008). To the extent Plaintiffs assert a UCL claim that is based on or grounded in fraud, Plaintiffs must allege facts that meet the heightened pleading requirements for fraud. *Cadlo v. Owens-Illinois, Inc.*, 125 Cal.App.4th 513, 519 (2004) ("Each element in a cause of action for fraud…must be factually and specifically alleged."); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1006 (9th

Cir., 2003) (citation omitted); Fed. R. Civ. Proc., Rule 9(b). The Complaint fails to allege any facts that rise to the level of fraud or misrepresentation. *Lazar v. Superior Court*, 12 Cal.App.4th 631, 645 (1996).

Finally, Plaintiffs' claim fails because they have no standing to assert a UCL claim. To have standing a plaintiff must allege facts that demonstrate that he suffered damages as a direct result of the alleged unfair, unlawful, or fraudulent conduct. "[A] plaintiff must have suffered an 'injury in fact' and 'lost money or property as a result of the unfair competition' to have standing to pursue either an individual or a representative claim under the California Unfair Competition law." *Hall v. Time, Inc.*, 158 Cal.App.4th 847, 849 (2008); see also, Cal. Bus. & Prof. Code § 17204. Here, Plaintiffs have not alleged what money or property Plaintiffs have allegedly lost as a result of the purported violation of section 17200. Plaintiffs are still in possession of the Property and the trustee's sale has not occurred yet. Plaintiffs are still the record title owner to the Property. Thus, Plaintiffs did not and cannot allege that he suffered an injury-in-fact as the result of RCS' alleged wrongful conduct. Any injury purportedly suffered by Plaintiffs is the result of their admitted failure to make payments on the Loan, and not as the result of RCS' alleged actions. As a result, Plaintiff' claim fails.

### IV.   CONCLUSION

In conclusion, RCS and Sage respectfully request that the court grant this Motion to Dismiss without leave to amend and dismiss this action with prejudice.


Dated:  July 28, 2014                                    AMSL LEGAL GROUP, LLP


                                                        By:/s/ Christopher Blevins
                                                            Christopher Blevins
                                                            Attorneys for Defendants,
                                                            RESIDENTIAL CREDIT SOLUTIONS,
                                                            INC. and SAGE POINT LENDER
                                                            SERVICES, LLC

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

15